Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Fax: (619) 297-1022

Patric A. Lester (SBN 220092)
5694 Mission Center Road, #358
San Diego, CA 92108
Telephone: (314) 665-3888

Clinton Rooney (SBN 221628)
**Rooney & Lickel**
1102 Cesar E Chavez Parkway
San Diego, CA 92113
Telephone: (619) 573-9547

Attorneys for Plaintiff JAMES SCHNEIDER

FILED
10 SEP 30 AM 11:48
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

HYDE & SWIGART
Riverside, California

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCHNEIDER, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH FINANCIAL SYSTEMS INC<br><br>Defendant. | **Case Number:** '10 CV 2039 LAB BGS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

ORIGINAL

## INTRODUCTION

1. Plaintiff James Schneider, through his counsel, brings this action to challenge the acts of Commonwealth Financial Systems, Inc (hereinafter "Commonwealth") regarding attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7. As Commonwealth does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Commonwealth for purposes of this action.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person over the age of 18 and is a resident of San Diego County, State of California.



10. Plaintiff is informed and believes and thereon alleges that Defendant Commonwealth Financial Systems, Inc ("Commonwealth") is a Pennsylvania corporation, doing business in the state of California.

11. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

12. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTS COMMON TO ALL CLAIMS

16. Sometime before August 31, 2009, Plaintiff is alleged to have incurred certain financial obligations to Citibank (South Dakota), NA.

HYDE & SWIGART
Riverside, California





17. These financial obligations were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined at 15 U.S.C. §1692a(5).

18. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. Subsequently, but before October 29, 2008, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant Commonwealth for collection.

20. On October 29, 2008, Commonwealth filed a Complaint in the Superior Court of California for the County of San Diego against Mr. Schneider claiming a debt, based on the above alleged debt to Citibank (South Dakota) NA, based on theories of Open Book Account, Account Stated, Goods, Wares and Merchandise and Money Lent.

21. The case number of the above October 29, 2008 Complaint was 37-2008-00094756-CL-CL-CTL. A copy of this October 29, 2008 Complaint is attached as Exhibit A.

22. Commonwealth filed the above October 29, 2008 Complaint on forms drafted by and approved for use by the Judicial Council of California, an agency of the State of California.

23. However, at paragraphs 10(c), BC-5 and CC-3 of the above October 29, 2009 Complaint, Commonwealth modified the above Judicial Council forms, in order to add language indicating that Commonwealth was entitled by statute, particularly California Civil Code section 1717, to attorney's fees.

HYDE & SWIGART
Riverside, California




24. The language added by Commonwealth to the above Judicial Council forms was never drafted by nor approved for use by the Judicial Council of California.

25. Nonetheless, Commonwealth modified the above Judicial Council forms, filed them with the Superior Court of California for the County of San Diego, and presented them to Mr. Schneider as if the forms had been drafted by and approved for use by the Judicial Council of California in their modified form.

26. The October 29, 2008 Complaint, at the foot of the modified form, bears a statement "Form Approved for Optional Use Judicial Council of California PLD-C-001(1)[Rev January 1, 2007]."

27. The October 29, 2008 Complaint also bears the website address of the Judicial Council of California, www.courtinfo.ca.gov, and cites California Code of Civil Procedure section 425.12, which instructs the Judicial Council of California to develop and approve official forms for use in California state trial courts for complaints and answers.

28. The October 29, 2008 Complaint, a modified Judicial Council form, is designed to give the impression to the uninformed observer that the Judicial Council of California, a government agency, considered and approved the claim that debt buyers such as Commonwealth are entitled to attorneys fees as a matter of course under California Civil Code section 1717.

29. The Judicial Council of California did not ever approve any such language for use on Judicial Council form PLC-C-001(1).

30. On or about October of 2009, Commonwealth served a copy of the above October 29, 2008 Complaint on Mr. Schneider, and Mr. Schneider became aware of the representations made in Commonwealth's October 29, 2008 Complaint.

31. Through this conduct, Defendant used or distributed a written communication which simulated or is falsely represented to be a document authorized, issued,

HYDE & SWIGART
Riverside, California

or approved by a court, official, or agency of the United States or a State, or which created a false impression as to its source, authorization, or approval. Consequently, Defendant violated 15 U.S.C. § 1692e(9).

32. Because Defendant's conduct violated the language in section 1692e(9) of Title 15 of the United States Code, Defendant's conduct violated California's Rosenthal Act pursuant to Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34. Because Defendant's conduct violated the language in section 1692e and 1692e(10) of Title 15 of the United States Code, Defendant's conduct violated California's Rosenthal Act pursuant to Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

36. Because Defendant's conduct violated the language in section 1692f of Title 15 of the United States Code, Defendant's conduct violated California's Rosenthal Act pursuant to Cal. Civ. Code § 1788.17

**CLASS ACTION ALLEGATIONS**

37. Plaintiffs define "Class One" as (i) all persons that are "consumers" as that term is defined by 15 U.S.C. § 1692a(3); (ii) that were sued by Defendant Commonwealth (iii) in any California Superior Court; (iv) within one year prior to the filing of this action; (v) for alleged financial obligations allegedly owed at one time to any creditor that subsequently assigned, placed, or otherwise transferred to Defendant Commonwealth for collection; (vi) where said obligations were primarily for personal, family or household purposes; and (vii) where Defendant Commonwealth modified California Judicial

Council form PLC-C-001(1) and subsequently filled such form with the Court without disclosing to the consumer that form PLC-C-001(1) was modified, and was not approved in its modified form by the Judicial Council of California.

38. Plaintiffs define "Class Two" as (i) all persons that are "consumers" as that term is defined by California Civil Code § 1788.2(b); (ii) that were sued by Defendant Commonwealth (iii) in any California Superior Court; (iv) within one year prior to the filing of this action; (v) for alleged financial obligations allegedly owed at one time to any creditor that subsequently assigned, placed, or otherwise transferred to Defendant Commonwealth for collection; (vi) where said obligations were primarily for personal, family or household purposes; and (vii) where Defendant Commonwealth modified California Judicial Council form PLC-C-001(1) and subsequently filled such form with the Court without disclosing to the consumer that form PLC-C-001(1) was modified, and was not approved in its modified form by the Judicial Council of California.

39. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this action.

40. For purposes of the Second Claim for Relief, the Rosenthal Act Claim, the class period is one year prior to the filing of this action.

41. The representative Plaintiff faithfully represents, and is a member of, Class One and Class Two.

42. Class One is composed of thousands of persons, the joinder of which would be impractical.

43. Class Two is composed of thousands of persons, the joinder of which would be impractical.

44. The individual identities of the individual members are ascertainable through Defendant's records or by public notice.




45. There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class One.

46. There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class Two.

47. The questions of law and fact common to Class One and Class Two predominate over questions affecting only individual class members, and include, but are not limited to, the following:

A. Whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.;

B. Whether Defendants violated California's Rosenthal Act, Cal. Civ. Code §§ 1788 et seq.;

C. Whether Class One is entitled to the remedies available to Plaintiff under the FDCPA;

D. Whether Class Two is entitled to the remedies available to Plaintiff in California's Rosenthal Act;

E. Whether Class One is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

F. Whether Class Two is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to California's Rosenthal Act;

G. Whether Class One is entitled to any other remedies; and

H. Whether Class Two is entitled to any other remedies.

48. Plaintiff will fairly and adequately protect the interests of both classes.

49. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

50. Plaintiff's claims are typical of the claims of both classes, which all arise from the same operative facts involving unlawful collection practices.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to

comply with Federal and State Law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and an additional $1,000.00 under California's Rosenthal Act. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, such as claims for securities fraud.

52. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final relief with respect to the class as a whole.

53. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (CLASS CLAIM FOR VIOLATIONS OF THE FDCPA BY COMMONWEALTH)

54. Plaintiff and the member of Class One repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

55. Based on information and belief, Defendant Commonwealth violated the FDCPA. Defendant's violations include, but are not limited to the following:

A. 15 U.S.C. §1692e by making a false, misleading or deceptive misrepresentation in connection with the collection of a debt;.

B. 15 U.S.C. §1692e(9) by misrepresenting that the Complaint filed in case number 37-2008-00094756-CL-CL-CTL, and in similar debt collection lawsuits filed against members of Class 1 during the Class Period, was a form approved for option use by the Judicial Council of California, a state agency.

C. 15 U.S.C. §1692f by using an unfair or unconscionable means to collect or attempt to collect a claimed debt.

HYDE & SWIGART
Riverside, California

56. As a proximate result of each and every violation of the FDCPA committed by Defendant Commonwealth during the Class Period, Plaintiff and the members of Class One are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Commonwealth.

## SECOND CAUSE OF ACTION

### (CLASS CLAIM FOR VIOLATIONS OF THE ROSENTHAL ACT BY COMMONWEALTH)

57. Plaintiff and the member of Class Two repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

58. Based on information and belief, Defendant Commonwealth's acts and omissions violated California Civil Code § 1788 et seq, including, but not limited to the following sections: California Civil Code § 1788.17.

59. Based on information and belief, Defendant's violations of California Civil Code § 1788.17, which incorporates several of the provisions of the FDCPA, include:

A. 15 U.S.C. §1692e by making a false, misleading or deceptive misrepresentation in connection with the collection of a debt;.

B. 15 U.S.C. §1692e(9) by misrepresenting that the Complaint filed in case number 37-2008-00094756-CL-CL-CTL, and in similar debt collection lawsuits filed against members of Class 1 during the Class Period, was a form approved for option use by the Judicial Council of California, a state agency.

C. 15 U.S.C. §1692f by using an unfair or unconscionable means to collect or attempt to collect a claimed debt.

60. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

HYDE & SWIGART
Riverside, California

61. As a proximate result of each and every violation of the Rosenthal Act committed by Defendant Commonwealth during the Class Period, Plaintiff and the members of Class Two are entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant Commonwealth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Commonwealth, and prays for the following relief:

A. An order certifying Class One and Class Two and appointing Plaintiff and his counsel as Class Representatives and Class Counsel.

B. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Commonwealth and for the Plaintiff and the members of Class One;

C. An award of statutory damages of $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant Commonwealth and for the Plaintiff and the members of Class One;

D. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant Commonwealth and for Plaintiff and the members of Class Two;

E. An award of statutory damages of $1,000.00 each pursuant to California Civil Code § 1788.30(b) against Defendant Commonwealth and for Plaintiff and the members of Class Two;

F. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant Commonwealth; and

G. Such other and further relief this court may deem just and proper.

**JURY DEMAND**

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: 9/30/10

By: ______________________
Joshua B. Swigart
Attorneys for Plaintiff

HYDE & SWIGART
Riverside, California

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

10 SEP 30 AM 11:47

**I. (a) PLAINTIFFS**

James Schneider, Individually and on behalf of others similarly Situated

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

**DEFENDANTS**

COMMONWEALTH FINANCIAL SYSTEMS INC

County of Residence of First Listed Defendant Pennsylvania
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

SOUTHERN DISTRICT OF CALIFORNIA — BY: DEPUTY

Attorneys (If Known)

'10 CV 2039 LAB BGS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 15 U.S.C. 1692 et seq

Brief description of cause: FDCPA

**VII. REQUESTED IN COMPLAINT:** ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 — **DEMAND $** — CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 9/30/10 — SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 18607 AMOUNT $350 APPLYING IFP 9/30/10 BH JUDGE ______ MAG. JUDGE ______





Court Name: USDC California Southern
Division: 3
Receipt Number: CAS018607
Cashier ID: bhartman
Transaction Date: 09/30/2010
Payer Name: HYDE AND SWIGART

---

CIVIL FILING FEE
For: SCHNEIDER V COMMONWEALTH FIN
Case/Party: D-CAS-3-10-CV-002093-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 4123
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $45.00 charged for any returned check.